IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL GREVIOUS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ACTION NO. 4:11-cv-246 |
| | § | |
| FLAGSTAR BANK, FSB, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### MEMORANDUM, RECOMMENDATION, AND ORDER

Pending before the court[1] is Defendant's Second Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Docket Entry No. 17) and Plaintiff's Motion to Compel (Docket Entry No. 18). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED IN PART, GRANTED IN PART**. Further, Defendant's motion for more definite statement is **DENIED**, and Plaintiff's motion to compel is **DENIED AS MOOT**.

### I. Background

**A. Procedural**

Plaintiff filed this lawsuit against Defendant on December 30, 2010, in the 164th Judicial District of Harris County, Texas.[2] On

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Docket Entry No. 15.

[2] Doc. 1-3, Ex. C to Defendant's Notice of Removal, Original Complaint.

January 18, 2011, Defendant removed the case to this court on the basis of both federal question jurisdiction and diversity jurisdiction.[3] Plaintiff filed an amended complaint on March 11, 2011, alleging violations of the Truth in Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); and the Home Ownership and Equity Protection Act ("HOEPA"), as well as claims for mortgage fraud and breach of fiduciary duty.[4] Plaintiff requests damages "in [e]xcess of $91,065.12", plus attorney's fees and costs.[5] On March 16, 2011, Defendant filed this second motion to dismiss.[6]

B. Factual

On August 2, 2008, Tim Sphere of Texas Lending contacted Plaintiff and offered to refinance his home for $112,048[7] at six percent, which was a lower interest rate than Plaintiff's current rate and would have meant lower future monthly payments.[8] Plaintiff agreed to proceed with the refinancing process and was contacted on August 6, 2008, by Margie Leija, a loan processor for

---

[3] Doc. 1, Defendant's Notice of Removal, p. 2.

[4] See Doc. 15, Amended Complaint.

[5] See id. at 6.

[6] Doc. 17, Defendant's Second Motion to Dismiss ("Defendant's Motion").

[7] Plaintiff states that this was the same amount that Plaintiff then owed on the loan. Doc. 15, Amended Complaint, p. 3. Furthermore, this was the same amount that was the market value and appraised value of the property as of January 1, 2007, according to the Harris County Appraisal District. Id. at 3, 8.

[8] See id. at 2-3.

Texas Lending, who requested a list of documents she would need to process the new loan.[9]

Plaintiff does not recall ever being in contact with a property appraiser, but he received a document from the U.S. Department of Housing and Urban Development stating that his property had been appraised at $132,000 on October 30, 2008, the day before the loan was closed.[10] Although he was solicited with a $112,048 loan on August 2, 2008, Plaintiff states that he was presented with a $132,000 loan at closing.[11] Plaintiff claims that his initial loan application must have been fabricated to show income he did not have because, based on his adjusted gross income from 2006 and 2007, he should not have been capable of obtaining such a loan.[12]

Plaintiff was assessed approximately $11,706.27 in closing fees for Aspire Financial, the originator of the loan.[13] He claims that the value of his property was inflated and that fees were created to give them the $19,952 in value over his previously assessed value of $112,048.[14] At the signing, he was given a stack of documents to sign by Stacey Reyes ("Reyes"), the closing manager

---

[9]   Id. at 3.

[10]  See id. pp. 3, 13.

[11]  Id. at 3.

[12]  See id. at 3, 10-11.

[13]  See id. at 3, 12.

[14]  See id. at 3.

for Texas Lending.[15] Plaintiff states that he questioned Reyes about the amount of the loan and that Reyes told him he had the right to cancel within three days.[16]

Plaintiff later reviewed the documents and determined there had been a fraudulent transaction.[17] On April 7, 2010, approximately a year and a half after his closing in October 2008, he contacted Defendant, i.e., the loan holder, and spoke with a representative to request a loan modification.[18] Plaintiff was told that he did not qualify for a loan modification at that time because his loan was not in delinquent status; the representative advised Plaintiff to make a payment late so he would qualify for a modification.[19] On June 7, 2010,[20] Plaintiff was thirty-one days delinquent and again requested a loan modification, in support of which he was asked to send Defendant various documents.[21]

---

[15] See id. at 4. Plaintiff states that the date was "11/31/2008," but based on the information in the rest of the complaint, this appears to be a typographical error that should have read "10/31/2008." See id. at 4, 14.

[16] See id. at 4, 14. Plaintiff also notes that Reyes crossed out and changed the date on the Certificate of Confirmation from October 31, 2008, to November 5, 2008. See id.

[17] See id. at 4.

[18] See id.

[19] See id.

[20] Although Plaintiff here writes "06/07/2008," the context of the complaint indicates that this is a typographical error and was meant to be "06/07/2010." See id.

[21] See id.

4

Plaintiff states that he never received any documentation from Defendant indicating that a modification was being prepared, but on December 3, 2010, he received a document requesting him to sign over a deed of trust to Defendant, to notarize the document, and to return it to Defendant within forty-eight hours.[22] Plaintiff did not follow these instructions.[23] He made the December payment to prevent his account from being more than sixty days delinquent and filed this lawsuit shortly thereafter.[24]

## II. Defendant's Motion to Dismiss

### A. Standard

The question in a Federal Rule of Civil Procedure 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff. In re Katrina Canal Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007). The court determines whether the plaintiff has stated a legally cognizable claim that is plausible; the court does not evaluate the plaintiff's likelihood of success. Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).

### B. Analysis

Plaintiff has brought statutory claims pursuant to the TILA, RESPA, and HOEPA. Plaintiff has also brought claims for mortgage

---

[22] See id. at 5, 15-16.

[23] See id. at 5.

[24] See id. at 5, 17.

fraud and breach of fiduciary duty. Defendant moves to dismiss each of Plaintiff's claims for failure to state claim upon which relief can be granted. In part, Defendant argues that Plaintiff's claims under the TILA, the RESPA, and the HOEPA are barred by limitations, and that Plaintiff's fraud claim is also barred because it is simply a restatement of his claims under the above statutes.

### 1. The TILA

Plaintiff's claims under the TILA occurred during the finalization of the loan, which took place on October 31, 2008. There is generally a one-year statute of limitations period under the TILA. See 15 U.S.C. § 1640(e). Plaintiff asserts that an exception to this period applies to his lawsuit. The exception states that the one-year period "does not bar a person from asserting a violation of this subchapter in an action to collect a debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." Id. Because this is neither "an action to collect a debt" nor an assertion made "as a matter of defense," this exception does not apply to this case.

Plaintiff also asserts that "[t]here is no time limitation on willful violations intended to mislead the customer,"[25] under

---

[25] Doc. 25, Plaintiff's Response, ¶ 6.

Regulation Z,[26] the implementing regulation to the TILA. Plaintiff has not pointed the court to the specific provision which may state this, and the court has been unable to find it as well.[27] Without this authority, the court concludes that Plaintiff's claims under the TILA are time-barred.[28]

Accordingly, the court **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's claims under the TILA be **GRANTED**.

### 2. The RESPA

Plaintiff claims that Defendant violated the RESPA by charging him excessive closing costs, i.e., $10,300.00, which he says exceeds the eight-percent allowable by law.[29] He also states that "Plaintiff can prove that [Defendant's] representatives disregarded Most, of the RESPA rules, or just never regarded any rule that stood in the way of their personal Gains."[30]

---

[26] 12 C.F.R. § 116.

[27] Other plaintiffs have made a similar argument in similar cases, and those courts have also been unable to find the statutory basis for this "willful violation" argument. See, e.g., Shaya v. Countrywide Home Loans, Inc., No. 10-13878, 2011 WL 1085617, at *4 (E.D. Mich. Mar. 22, 2011) (unpublished); Koczara v. IndyMac Bank, FSB, No. 10-14065, at *2 (E.D. Mich. Feb. 3, 2011) (unpublished).

[28] If Plaintiff objects to this recommendation, he must, during the time allotted for objections, point to the specific provision of Regulation Z and discuss how his allegations show a violation of that provision.

[29] Doc. 15, Amended Complaint, ¶ 9.

[30] Id. ¶ 30.

Two separate limitations periods exist under the RESPA for private litigants:[31] three years for a violation of 12 U.S.C. § 2605 ("Section 2605") and one year for a violation of either 12 U.S.C. § 2607 ("Section 2607") or 12 U.S.C. § 2608 ("Section 2608"). See 12 U.S.C. § 2614. Section 2607 involves the prohibition against kickbacks and unearned fees; Section 2608 involves the purchase of title insurance. Plaintiff does not appear to be complaining of anything in relation to these two provisions, but to the extent that he may be, his claims are foreclosed by the one year statute of limitations.[32] Section 2605 involves the servicing of mortgage loans and the administration of escrow accounts. Plaintiff does not point to any specific provision of Section 2605 which he alleges that Defendant violated, and the court does not see which provision could have been violated based on the allegations in Plaintiff's amended complaint which, under the RESPA, appear to refer only to events concerning the 2008 closing costs.

Accordingly, the court **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's claims under the RESPA be **GRANTED**.[33]

---

[31] Plaintiff has not specified which provision of RESPA he alleges that Defendant has violated.

[32] See Snow v. First Am. Title Ins. Co., 332 F.3d 356, 358-59 (stating that the limitations period under the RESPA runs "from the date of the occurrence of the violation"). The relevant date of violation under these provisions in the present case would have been at or around the time of closing in 2008, well over a year before Plaintiff filed suit. Nothing in his allegations from 2010 states a claim under either Section 2607 or Section 2608.

[33] If Plaintiff objects to this recommendation, he must, during the time allotted for objections, point to a specific provision of Section 2605 and discuss how his allegations show a violation of that provision.

8

### 3. The HOEPA

Plaintiff claims that Defendant's alleged acts of charging fees greater than eight percent of the loan amount and of engaging in a pattern of extending credit without sufficient assurance of the borrower's ability to repay, i.e., conducting a fraudulent loan application process, violated the HOEPA.

The HOEPA has a one-year statute of limitations for money damages and a three-year statute of limitations for rescission. See 15 U.S.C. § § 1635(f), 1640(e). Plaintiff has only requested money damages in his complaint, not rescission, and so the one-year statute of limitations applies. Plaintiff's complaints under the HOEPA involve the loan application process and the fees charged at closing, both of which took place in 2008, well outside of the one-year limitations period permitted for money actions under the HOEPA. Plaintiff's claims under the HOEPA are therefore barred.

Accordingly, the court **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's claims under the HOEPA be **GRANTED**.

### 4. Fraud

Plaintiff also makes a claim for mortgage fraud. Defendant argues that Plaintiff is attempting "to morph the alleged TILA, RESPA and HOEPA violations into a claim under Texas law for Fraud in connection with the Loan," and that his claims are therefore also barred by limitations.[34]

---

[34] Doc. 17, Defendant's Motion, ¶ 16.

9

Defendant is correct with respect to events that occurred in relation to the loan closing, but Defendant fails to address the allegations of fraud from the events that occurred in 2010. A claim of fraud under Texas law requires allegations of: (1) a misrepresentation (2) that the speaker knew was false or was recklessly made (3) with the intention of inducing the plaintiff's reliance, (4) which was followed by actual and justifiable reliance, (5) thereby causing injury. Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010) (citing Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001)). Here, Plaintiff has alleged: (1) that Defendant said he would receive a loan modification if he made a late payment; (2) that Defendant knew this was untrue; (3) that Defendant intended for Plaintiff not to make the payment; (4) that Plaintiff, in the hope of getting a loan modification, did not make the payment; and (5) that Plaintiff went into arrears on his mortgage without receiving the loan modification. Viewing the facts in a light most favorable to Plaintiff, the court determines that Plaintiff has stated a plausible, legally cognizable claim with respect to the events occurring in 2010. See In re Katrina Canal Beaches Litig., 495 F.3d at 205; Iqbal, 129 S.Ct. at 1949. This is enough for Plaintiff's claim of fraud to survive.

Accordingly, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED** with respect to Plaintiff's claim of fraud.

### 5. Breach of Fiduciary Duty

A fiduciary duty only exists under Texas law in limited circumstances.[35] See, e.g., ARA Auto. Grp. v. Cent. Garage, Inc., 124 F.3d 720 (5th Cir. 1997) (noting that few Texas cases have found a fiduciary relationship to exist outside of certain legal relationships that carry such a duty as a matter of law). Here, Plaintiff merely states that he had a reasonably confident relationship with the lender by placing his trust in it, and he feels that the lender should have acted in his best interest, as the borrower.[36] This statement and his other allegations fail to address how the circumstances of his relationship with Defendant created a fiduciary duty under Texas law.

Accordingly, the court **RECOMMENDS** that Defendant's motion to dismiss Plaintiff's breach of fiduciary claim be **GRANTED**.

Thus, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED IN PART, GRANTED IN PART**.

### C. Motion for More Definite Statement

In the alternative, Defendant moves for a more definite statement on Plaintiff's surviving claims. Having examined the allegations with respect to Plaintiff's claim of fraud, the court

---

[35] Plaintiff relies on an inapposite First Circuit case discussing Maine state law and denying that a confidential relationship existed between a commercial borrower and a bank.

[36] Doc. 15, Amended Complaint, p. 5.

finds that Plaintiff has plead his claim in sufficient detail, and the court **DENIES** Defendant's motion for more definite statement.

### III. Plaintiff's Motion to Compel

Plaintiff's motion to compel mostly requests documents that relate to claims arising out of his original loan, of which this court has already recommended dismissal. At this time, therefore, the court **DENIES AS MOOT** Plaintiff's pending motion to compel. However, Plaintiff may submit new discovery requests to Defendant that are tailored to his remaining cause of action.[37]

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's motion to dismiss be **DENIED IN PART, GRANTED IN PART**. Further, Defendant's motion for more definite statement is **DENIED**, and Plaintiff's motion to compel is **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

---

[37] Plaintiff also submitted to the court a "qualified written request" for information under the RESPA. See 24 C.F.R. § 3500.21(e). This is not an appropriate discovery request under the Federal Rules of Civil Procedure, although the court is unaware of any reason why Plaintiff may not request such information from Defendant outside of the bounds of the present litigation.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this <u>29th</u> day of April, 2011.

Nancy K. Johnson
United States Magistrate Judge