```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

DARRYL GREVIOUS,                    §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §   CIVIL ACTION NO. H-11-246
                                    §
FLAGSTAR BANK, FSB,                 §
                                    §
        Defendant.                  §
                                    §
```

### MEMORANDUM OPINION

Pending before the court[1] are Plaintiff's Motion to Amend (Doc. 28), Defendant's Motion for Summary Judgment (Doc. 32), and Plaintiff's Motion to Compel (Doc. 41). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's motion for summary judgment; **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to amend; and **DENIES AS MOOT** Plaintiff's motion to compel.

### I. Case Background

**A. Factual History**

On August 2, 2008, Tim Sphere of Texas Lending contacted Plaintiff and offered to refinance his home for $112,048[2] at six percent, which was a lower interest rate than Plaintiff's current

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 48.

[2] Plaintiff states that this was the same amount that Plaintiff then owed on the loan. Doc. 15, Pl.'s 1st Am. Compl., p. 3. Furthermore, this was the market value and appraised value of the property as of January 1, 2007, according to the Harris County Appraisal District. Id. at 3, 8.

rate and would have meant lower future monthly payments.[3] Plaintiff agreed to proceed with the refinancing process and was contacted on August 6, 2008, by a loan processor for Texas Lending who requested a list of documents needed to process the new loan.[4]

Plaintiff does not recall ever being in contact with a property appraiser, but he received a document from the U.S. Department of Housing and Urban Development stating that his property had been appraised at $132,000 on October 30, 2008, the day before the loan was closed.[5] Although he was solicited with a $112,048 loan on August 2, 2008, Plaintiff states that he was presented with a $132,000 loan at closing.[6] Plaintiff claims that his initial loan application must have been fabricated to show income he did not have because, based on his adjusted gross income from 2006 and 2007, he should not have been capable of obtaining such a loan.[7]

Plaintiff was assessed approximately $11,706.27 in closing fees for Aspire Financial, the originator of the loan.[8] He claims that the value of his property was inflated and that fees were created to give them the $19,952 in value over his previously

---

[3]   See id. at 2-3.

[4]   Id. at 3.

[5]   See id. at 3, 13.

[6]   Id. at 3.

[7]   See id. at 3, 10-11.

[8]   See id. at 3, 12.

assessed value of $112,048.[9]  At the signing, he was given a stack of documents to sign by the closing manager for Texas Lending.[10] Plaintiff states that he inquired about the amount of the loan and was told that he had the right to cancel within three days.[11]

Plaintiff later reviewed the documents and determined there had been a fraudulent transaction.[12]  On April 7, 2010, approximately a year and a half after his closing in October 2008, he contacted Defendant, i.e., the loan holder, and spoke with a representative to request a loan modification.[13]  Plaintiff was told that he did not qualify for a loan modification at that time because his loan was not in delinquent status; the representative advised Plaintiff to make a payment late so he would qualify for a modification.[14]  On June 7, 2010,[15] Plaintiff was thirty-one days delinquent and again requested a loan modification, in support of

---

[9]   See id. at 3.

[10]  See id. at 4.  Plaintiff states that the date was "11/31/2008," but based on the information in the rest of the complaint, this appears to be a typographical error that should have read "10/31/2008."  See id. at 4, 14.

[11]  See id. at 4, 14.  Plaintiff also notes that Reyes crossed out and changed the date on the Certificate of Confirmation from October 31, 2008, to November 5, 2008.  See id.

[12]  See id. at 4.

[13]  See id.

[14]  See id.

[15]  Although Plaintiff here writes "06/07/2008," the context of the complaint indicates that this is a typographical error and was meant to be "06/07/2010."  See id.

which he was asked to send Defendant various documents.[16]

Plaintiff states that he never received any documentation from Defendant indicating that a modification was being prepared, but on December 3, 2010, he received a document requesting him to sign over a deed of trust to Defendant, to notarize the document, and to return it to Defendant within forty-eight hours.[17] Plaintiff did not follow these instructions.[18] He made the December payment to prevent his account from being more than sixty days delinquent and filed this lawsuit shortly thereafter.[19]

**B.   Procedural History**

Plaintiff filed this lawsuit against Defendant on December 30, 2010, in the 164th Judicial District of Harris County, Texas.[20] On January 18, 2011, Defendant removed the case to this court on the basis of both federal question jurisdiction and diversity jurisdiction.[21] Plaintiff filed an amended complaint on March 11, 2011, alleging violations of the Truth in Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); and the Home Ownership and Equity Protection Act ("HOEPA"), as well as claims

---

[16]   See id.

[17]   See id. at 5, 15-16.

[18]   See id. at 5.

[19]   See id. at 5, 17.

[20]   Doc. 1-3, Ex. C to Def.'s Notice of Removal, Orig. Compl.

[21]   See Doc. 1, Def.'s Notice of Removal, p. 2.

for mortgage fraud and breach of fiduciary duty.[22] On March 16, 2011, Defendant filed a second motion to dismiss/alternative motion for a more definite statement.[23] In response, Plaintiff filed the pending motion to amend on May 12, 2011, two weeks after the court filed its memorandum and recommendation regarding Defendant's motion.[24] As reason for his motion to amend, Plaintiff claimed that Defendant had requested an amended pleading in responding to Plaintiff's complaint and by filing motions for a more definite statement.[25]

Six days later, on May 18, 2011, the court granted Defendant's motion to dismiss as to Plaintiff's TILA, RESPA, and HOPEA claims, as well as the claim for the breach of fiduciary duty, thereby leaving Plaintiff's fraud claim as the sole remaining cause of action.[26]

The court also denied Defendant's motion for a more definite statement without ruling on Plaintiff's second motion to amend.[27] Plaintiff subsequently filed his second amended complaint on June

---

[22] See Doc. 15, Pl.'s 1st Am. Compl.

[23] See Doc. 17, Def.'s 2nd Mot. to Dismiss.

[24] See Doc. 28, Pl.'s 2nd Mot. to Am. Compl.; see also Doc. 27, Mem. & Recomm. re: Def.'s 2nd Mot. to Dismiss/ Altern. Mot. for More Def. Stmt.

[25] See Doc. 28, Pl.'s 2nd Mot. to Amend Compl., ¶¶ 3-4; see also Doc. 2, Def.'s 1st Mot. to Dismiss/ Alt. Mot. for More Def. Stmt.; Doc. 17, Def.'s 2nd Mot. to Dismiss/Alt. Mot. for More Def. Stmt.

[26] See Doc. 29, Or. Adopting Mem. & Rec.

[27] See id.; Doc. 27, Granting in Part and Denying in Part Def.'s 2nd Mot. to Dismiss/Alt. Mot. for More Def. Stmt.

5

30, 2011, without leave of court.[28]  In addition to adding details to his surviving fraud claim, Plaintiff's amended complaint adds a number of new causes of action: negligence, breach of contract, defamation, and an action to quiet title.[29]  Defendant did not file a response to this motion.

On July 22, 2011, however, Defendant filed the pending motion for summary judgment, to which Plaintiff responded on July 27, 2011.[30]  One month later, on August 25, 2011, Plaintiff filed an affidavit that appears to supplement his response to Defendant's motion for summary judgment.[31]  Defendant objected to Plaintiff's affidavit on August 29, 2011.[32]

About two weeks later, on September 9, 2011, Plaintiff filed the pending motion to compel the production of various documents, to which Defendant responded on September 20, 2011.[33]

## II.  Plaintiff's Motion to Amend

Federal Rule of Civil Procedure 15(a)(1) allows a plaintiff to amend once as a matter of course before service of a responsive pleading.  "In all other cases, a party may amend its pleading only

---

[28]   See Doc. 30, Pl.'s 2nd Am. Compl.

[29]   See id. ¶¶ 45-49.

[30]   See Doc. 32, Def.'s Mot. for Summ. J.; Doc. 34, Pl.'s Resp. to Def.'s Mot. for Summ. J.

[31]   See Doc. 39, Pl.'s Aff.

[32]   See Doc. 40, Def.'s Objs. to Pl.'s Aff.

[33]   See Doc. 41, Pl.'s Mot. to Compel; Doc. 42, Def.'s Resp. to Pl.'s Mot. to Compel.

with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Plaintiff amended his complaint for the first time as a matter of course on March 11, 2011, the pending motion to amend is governed by Rule 15(a)(2).[34]

The decision whether to grant a motion to amend is within the court's discretion. Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998). The court is guided by the limitation in Rule 15(a)(2) which states that "leave shall be freely given when justice so requires." Jacobsen, 133 F.3d at 318. The factors which the court may consider include undue delay, bad faith or dilatory motive, repeated failure to correct deficiencies through previous amendments, undue prejudice to the nonmoving party, and futility of the amendment. Id. (quoting In re Southmark Corp., 88 F.3d 311, 314-15 (5th Cir. 1996), cert. denied, 519 U.S. 1057 (1997)). If the amended pleading will be subject to dismissal, the court may consider the amendment to be futile and deny leave to amend. Fed. Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994); Holmes v. Nat'l Football League, 939 F.Supp. 517, 525 (N.D. Tex. 1996).

Here, Plaintiff's motion to amend adds new causes of action for negligence, breach of contract, defamation, as well as an

---

[34] See Doc. 15, Pl.'s 1st Am. Compl.; see also Doc. 8, Pl.'s 1st Mot. to Am. Compl.; Doc. 12, Or. Granting Pl.'s 1st Mot. to Am. Compl. and Denying Def.'s Mot. to Dismiss.

action to quiet title; the motion also adds details to the surviving fraud claim. Defendant has not expressed opposition to Plaintiff's amended complaint, has not objected to the filing of it without leave, and has not addressed these new factual and legal allegations in its pending motion for summary judgment.[35] The court considers the causes of action in Plaintiff's motion to amend.

**A. Negligence**

The court construes Plaintiff's negligence cause of action as a claim of negligent misrepresentation based on conversations between Plaintiff and Defendant's representative in which Plaintiff claims that Defendant's representative told him that he would receive a loan modification if he were delinquent on his mortgage payments.[36]

The following elements are necessary to prove negligent misrepresentation: "(1) the representation [was] made by a defendant in the course of his business, or in a transaction in which he ha[d] a pecuniary interest; (2) the defendant supplied 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff

---

[35] Indeed, Defendant's summary judgment motion responds only to Plaintiff's fraud claim, which the court has determined is Plaintiff's sole surviving claim. See Doc. 27, Mem. & Rec. Granting in Part and Denying in Part Def.'s 2nd Mot. to Dismiss/Alt. Mot. for More Def. Stmt.; Doc. 29, Or. Adopting Mem. & Rec.

[36] See Doc. 30, Pl.'s 2nd Am. Compl.

suffer[ed] pecuniary loss by justifiably relying on the representation." <u>Fed. Land Bank Ass'n of Tyler v. Sloane</u>, 825 S.W.2d 439, 442 (Tex. 1991)(adopting the standard set out in the Restatement (Second) of Torts § 552 (1977)); <u>see also</u> <u>Coburn Supply Co. v. Kohler Co.</u>, 342 F.3d 372, 377 (5th Cir. 2003)(applying Texas law).

Plaintiff has pled sufficient facts for a negligent misrepresentation claim, and in the absence of any response in opposition from Defendant, the court **GRANTS** Plaintiff's motion to add a claim for negligent misrepresentation.

**B.  Breach of Contract**

A breach of contract claim requires allegations that: 1) a valid contract exists; 2) plaintiff fully performed his obligations; 3) defendant breached the contract; and 4) plaintiff was damaged as a result of the breach. <u>Hovorka v. Cmty. Health Sys., Inc.</u>, 262 S.W.3d 503, 508-09 (Tex. App.--El Paso 2008, no pet.).

Here, the court construes Plaintiff's breach of contract claim as a claim for the breach of an oral agreement for a loan modification arising from Plaintiff's conversations with representatives of Defendant in 2010.[37] Plaintiff has pled sufficient facts for the breach of contract claim articulated

---

[37] The court notes that Plaintiff has not pled any facts to support a breach of contract claim for Defendant's "failing to give proper notices." <u>Id.</u> ¶ 46.

above. The court therefore **GRANTS** Plaintiff's motion to amend to the extent that Plaintiff is alleging the breach of an oral agreement to enter into a loan modification agreement on the condition that he was in arrears on his present loan.

**C. Defamation**

In Texas, a claim for defamation requires allegations that "(1) the defendant published a factual statement (2) that was capable of defamatory meaning (3) concerning the plaintiff (4) while acting with [ ] negligence . . . concerning the truth of the statement." Vice v. Kasprzak, 318 S.W.3d 1, 12 (Tex. App.-Houston [1st Dist.] 2009) (citing WFAA-TV, Inc. v. McLemore, 978 S.W.2d 568, 571 (Tex. 1998)). Here, Plaintiff merely states that Defendant's conduct has damaged his credit reputation in the community.[38] This statement and Plaintiff's other allegations fail to indicate that Defendant published any defamatory statement. Because Plaintiff has not alleged facts supporting the elements for a defamation claim, the court **DENIES** Plaintiff's motion to amend to include a claim for defamation.

**D. Quiet Title**

A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title (competing claims to ownership). See Ford v. Exxon Mobil Chem. Co., 235 S.W.3d 615, 618 (Tex. 2007)(referring to an action to quiet title as "an equitable

---

[38] See id. ¶ 49.

action to remove cloud on title" in discussing a limitations defense to setting aside a deed for fraud); Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.)(explaining that a "plaintiff in a suit to quiet title must prove and recover on the strength of his own title"); Bell v. Ott, 606 S.W.2d 942, 952 (Tex. Civ. App.–Waco 1980, writ ref'd n.r.e.)(stating that the "principal issue in a suit to quiet title is as to the existence of a cloud that equity will remove"). A suit to quiet title requires evidence of "a claim to some interest adverse to plaintiff's title . . . that, if enforced, would interfere with the plaintiff's enjoyment of the property." Tarrant Bank v. Miller, 833 S.W.2d 666, 667 (Tex. App.-Eastland, 1992, writ denied)(quoting Mauro v. Lavlies, 386 S.W.2d 825, 827 (Tex. Civ. App.-Beaumont 1964, no writ), and explaining that the claim on the property does not have to be enforceable to create a cloud on the title).

Here, Plaintiff alleges that his ownership interest in the property at issue is clouded by Defendant's act of foreclosure.[39] In the absence of any response in opposition, the court **GRANTS** Plaintiff's amendment to add an action to quiet title.

**E. Fraud**

In his amended complaint, Plaintiff alleges common law fraud, statutory fraud, and fraud by omission. The court **DENIES** Plaintiff's motion to amend as to his fraud causes of action for

---

[39] See id. ¶ 48.

the reasons discussed below in favor of granting Defendant's motion for summary judgment.

### III. Defendant's Motion for Summary Judgment

#### A. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record

evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial. Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party." Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002). The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995). Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). The court must grant summary judgment if, after an adequate period of discovery, the nonmovant

fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

**B. Plaintiff's Affidavit**

Prior to considering Defendant's motion, the court addresses the admissibility of Plaintiff's filed affidavit as competent summary judgment evidence.

On August 25, 2011, about one month after responding to Defendant's motion for summary judgment, Plaintiff filed an affidavit with exhibits to supplement his response.[40] Defendant objects to Plaintiff's affidavit on numerous grounds: timeliness, hearsay, relevance, and lack of personal knowledge.[41] Defendant objects on the same grounds to Plaintiff's exhibits, with additional objections concerning the exhibits' authenticity.[42]

With respect to Defendant's objections to Plaintiff's affidavit, the court agrees with Defendant that portions of Plaintiff's affidavit referencing statements of third parties constitute inadmissible hearsay or are otherwise irrelevant, conclusory, or lacking personal knowledge. The court's decision on the summary judgment motion, however, does not rely on any of the

---

[40]  See Doc. 39, Pl.'s Aff.

[41]  See Doc. 40, Def.'s Objs. to Pl.'s Aff., ¶¶ 7-8.

[42]  See id. ¶ 7.

portions specifically objected to by Defendant. Defendant's objections to the affidavit are therefore overruled as moot. The court similarly agrees with Defendant, as to Plaintiff's Exhibit 1B, that Plaintiff has failed to authenticate the document.[43] See Fed. R. of Evid. 901, 902. Exhibit 1B therefore cannot be considered competent evidence in determining summary judgment; Defendant's objections to that exhibit are sustained. Defendant's objections to Plaintiff's remaining exhibits are overruled on the ground that the court's decision on Defendant's summary judgment motion does not hinge on these exhibits.

Because the court has not issued a scheduling order for this case, and because Plaintiff filed his affidavit within a reasonable time of Defendant's filing its motion for summary judgment, the court also overrules Defendant's objections on the untimeliness of Plaintiff's affidavit.

**C. Analysis**

Defendant moves for summary judgment on Plaintiff's fraud claim, contending that the claim is precluded by the Statute of Frauds, or, in the alternative, by the economic loss rule prohibiting recovery. Defendant further argues that Plaintiff cannot produce competent summary evidence in support of each element of a fraud claim. Having found in favor of Defendant on the latter argument, the court declines to analyze Defendant's

---

[43] See Doc. 39, Ex. 1B to Pl.'s Aff., Counselor Notes.

remaining arguments in favor of dismissing Plaintiff's fraud claim.

A party alleging fraud under Texas law must present evidence indicating that: "(1) a material representation was made; (2) it was false when made; (3) the speaker either knew it was false, or made it without knowledge of its truth; (4) the speaker made it with the intent that it should be acted upon; (5) the party acted in reliance; and (6) the party was injured as a result." Coffel v. Stryker Corp., 284 F.3d 625, 631 (5th Cir. 2002)(applying Texas law); see Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010) (citing Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001)).

Here, Plaintiff has alleged in his complaint that: (1) Defendant said that Plaintiff would receive a loan modification if he made a late payment; (2) Defendant knew this was untrue; (3) Defendant intended for Plaintiff not to make the payment; (4) Plaintiff, in the hope of getting a loan modification, did not make the payment; and (5) Plaintiff went into arrears on his mortgage without receiving the loan modification. Defendant contends that Plaintiff cannot produce competent summary judgment evidence to support each of the requisite elements of a fraud claim.

With respect to the first element, Plaintiff offers competent summary judgment evidence, in affidavit form, that he requested a loan modification in June 2010, submitted documents required by Defendant to process his request, and was instructed by a

16

representative of Defendant to miss a payment in December 2010.[44] The court notes that Plaintiff's amended complaint and response to Defendant's motion for summary judgment alleges that in April 2010, Plaintiff was encouraged by a representative of Defendant to make late payments in order to qualify for a loan modification and was told in June 2010 that he would receive a loan modification.[45] Plaintiff, however, has failed to produce competent summary judgment evidence of these allegations that the court can consider in opposition to Defendant's motion.[46] See Fed. R. Civ. P. 56(c).

Further, to the extent that Plaintiff's fraud claim is based on the events of December 2010--that is, the instruction to Plaintiff by a representative of Defendant to miss the December 2010 payment and to sign the forbearance documents--Plaintiff has not produced any competent summary judgment evidence that he relied on either event to his detriment.[47] Indeed, Plaintiff admits that he did not sign the forbearance documents and that the instruction to miss his December payment "did not seem right."[48]

In the absence of competent summary judgment evidence that

---

[44] See Doc. 39, Pl.'s Aff., ¶¶ 4-6.

[45] See e.g., Doc. 15, Pl.'s 1st Am. Compl., ¶¶ 19-20.

[46] Plaintiff also offers a document indicating that a conversation between Plaintiff, a representative of Defendant, and a third-party took place on or about June 7, 2010. See Doc. 39, Ex. 1B to Pl.'s Aff., Counselor Notes. Because this document is unauthenticated, however, it is not competent summary judgment evidence and the court cannot consider it.

[47] See Doc. 39, Pl.'s Aff., ¶¶ 6-7.

[48] Id. ¶¶ 6, 18.

17

Defendant made a material misrepresentation upon which Plaintiff detrimentally relied, Plaintiff cannot establish a claim for fraud. The court therefore **GRANTS** Defendant's motion for summary judgment.

### IV. Plaintiff's Motion to Compel

Plaintiff's motion to compel arises from his discovery request of July 27, 2011.[49] The court held a hearing on August 17, 2011, at which time Defendant was instructed to produce all documents responsive to Plaintiff's request. Defendant complied with the court's order and produced its responsive documents to Plaintiff.[50] That Plaintiff is unsatisfied with the documents produced by Defendant does not alter the fact that Defendant has produced the documents in its possession that are responsive to Plaintiff's request. Because the court resolved this issue at the August 17 hearing, Plaintiff's motion is **DENIED AS MOOT**.

### V. Conclusion

Based on the foregoing, the court **GRANTS** Defendant's motion for summary judgment; **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to amend; and **DENIES AS MOOT** Plaintiff's motion to compel.

**SIGNED** in Houston, Texas, this 23rd day of November, 2011.

Nancy K. Johnson
United States Magistrate Judge

---

[49] See Doc. 33, Pl.'s Req. for Prod. of Docs.

[50] See Doc. 38, Def.'s Not. Letter of Compliance.