```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

DARRYL GREVIOUS,                §
                                §
        Plaintiff,              §
                                §
v.                              §      CIVIL ACTION NO. H-11-246
                                §
FLAGSTAR BANK, FSB,             §
                                §
        Defendant.              §
                                §
```

### MEMORANDUM OPINION

Pending before the court[1] are Plaintiff's Motion for Reconsideration (Doc. 55) and Defendant's Second Motion for Summary Judgment (Doc. 58). The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES** Plaintiff's motion for reconsideration and **GRANTS** Defendant's motion for summary judgment.

### I.  Case Background

**A.  Factual History**

On or about October 31, 2008, Plaintiff signed a Note and Deed of Trust for the purchase of property located at 11703 Sunny Stream Drive.[2] At closing, Plaintiff also signed a separate document entitled Loan Agreement Notice, which included the following:

> In addition to the covenants made in the Loan

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 48.

[2] See Doc. 58-2, Ex. 1A to Def.'s Mot. for Summ. J., Promissory Note; Doc. 58-3, Ex. 1B to Def.'s Mot. for Summ. J., Deed of Trust.

> Agreements, Borrower and Lender further covenant and agree as follows . . .
> 2. The Loan Agreements may not be varied by any oral agreements or discussions that occur before, contemporaneously with, or subsequent to the execution of the Loan Agreements. . . .
>
> **THE WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**
>
> **THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**[3]

Defendant subsequently "became the mortgage servicer after the origination of the loan at issue . . . and remains as servicer for the subject loan."[4]

Defendant's records indicated that Plaintiff defaulted on his loan by failing to make his January 2010 mortgage payment.[5] Approximately five months later, on or about June 7, 2010, Plaintiff contacted Defendant's loss mitigation department and spoke with a representative to disclose a financial hardship and to request a loan modification.[6] Plaintiff claimed he was told that he did not qualify for a loan modification because his loan was not in delinquent status, and was then advised by the representative to

---

[3] Doc. 58-4, Ex. 1C to Def.'s Mot. for Summ. J., Loan Agreement Notice.

[4] Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶ 6.

[5] See Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶ 7.

[6] See Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶ 10.

make a payment late so he would qualify for a modification.[7]

Plaintiff submitted requested documents to Defendant, and, on December 3, 2010, he received a document setting forth a forbearance plan ("forbearance agreement").[8]  Plaintiff was required to sign, notarize, and return the forbearance agreement to Defendant within forty-eight hours.[9]  Plaintiff did not follow these instructions.[10] As a result of Plaintiff's failure to return the forbearance agreement, Defendant sent a letter to Plaintiff on January 28, 2011, notifying him of his ineligibility for loss mitigation solutions, including a loan modification.[11]  About five months later, on July 5, 2011, and after notice was provided to Plaintiff and his wife, a foreclosure sale of the property was conducted.[12]

B.  **Procedural History**

---

[7] See Doc. 15, Pl.'s 1st Am. Compl., p. 3; but see Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶¶ 15, 17 (stating that Defendant's records show no such communications with Plaintiff and that the statements claimed by Plaintiff are against the training provided to Defendant's employees).  The court notes that Plaintiff's allegations are unsupported by any competent summary judgment evidence.

[8] See Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶ 11; Doc. 58-5, Ex. 1D to Def.'s Mot. for Summ. J., Forbearance Agreement.

[9] Doc. 58-5, Ex. 1D to Def.'s Mot. for Summ. J., Forbearance Agreement, p. 1.

[10] See Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶ 12.

[11] See Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶¶ 12-14; Doc. 58-6, Ex. 1E to Def.'s Mot. for Summ. J., Letter From Defendant to Plaintiff Dated Jan. 28, 2011.

[12] See Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶ 10; Doc. 58-7, Ex. 1F to Def.'s Mot. for Summ. J., Substitute Trustee's Deed.

Plaintiff filed this lawsuit against Defendant on December 30, 2010, in the 164th Judicial District of Harris County, Texas.[13]  On January 18, 2011, Defendant removed the case to this court on the basis of both federal question jurisdiction and diversity jurisdiction.[14]  Plaintiff filed an amended complaint on March 11, 2011, alleging violations of the Truth in Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA"); and the Home Ownership and Equity Protection Act ("HOEPA"), as well as claims for mortgage fraud and breach of fiduciary duty.[15]  On March 16, 2011, Defendant filed a motion to dismiss/alternative motion for a more definite statement, to which Plaintiff responded on April 25, 2011.[16]

On April 29, 2011, the court issued a memorandum and recommendation, subsequently adopted by the district court, granting Defendant's motion to dismiss Plaintiff's TILA, RESPA, and HOPEA claims, as well as the claim for the breach of fiduciary duty, and denying the motion for a more definite statement.[17]  Plaintiff's fraud claim thus became the sole remaining cause of action.

---

[13]   Doc. 1-3, Ex. C to Def.'s Notice of Removal, Orig. Compl.

[14]   See Doc. 1, Def.'s Notice of Removal, p. 2.

[15]   See Doc. 15, Pl.'s 1st Am. Compl.

[16]   See Doc. 17, Def.'s 2nd Mot. to Dismiss; Doc. 25, Pl.'s Resp. to Def.'s 2nd Mot. to Dismiss.

[17]   See Doc. 27, Mem. & Recommendation Dated April, 29, 2011; Doc. 29, Or. Adopting Mem. & Rec.; see also Doc. 17, Def.'s 2nd Mot. to Dismiss.

About two months later, on June 30, 2011, Plaintiff filed his second amended complaint without the court having ruled on a previously filed motion to amend.[18] In addition to adding details to his surviving fraud claim, Plaintiff's amended complaint added a number of new causes of action: negligence, breach of contract, defamation, and an action to quiet title.[19] Defendant did not file a response to this motion.

However, three weeks later, Defendant filed its first motion for summary judgment on Plaintiff's fraud claim, to which Plaintiff responded on July 27, 2011.[20] One month later, on August 25, 2011, Plaintiff filed an affidavit that appeared to supplement his response to Defendant's motion for summary judgment.[21] On November 23, 2011, the court granted summary judgment in favor of Defendant on Plaintiff's fraud claim.[22] The court also granted leave for Plaintiff to amend his complaint to include causes of action for breach of contract and negligent misrepresentation, as well as an action to quiet title.[23]

---

[18]   See Doc. 30, Pl.'s 2nd Am. Compl.; see also Doc. 28, Pl.'s 2nd Mot. to Am. Compl.

[19]   See id. ¶¶ 45-49.

[20]   See Doc. 32, Def.'s 1st Mot. for Summ. J.; Doc. 34, Pl.'s Resp. to Def.'s 1st Mot. for Summ. J.

[21]   See Doc. 39, Pl.'s Aff.

[22]   See Doc. 49, Mem. Op. Dated Nov. 23, 2011, pp. 12-18.

[23]   See Doc. 49, Mem. Op. Dated Nov. 23, 2011, pp. 6-12.

On January 5, 2012, Plaintiff filed the pending motion for reconsideration of the granting of Defendant's first summary judgment motion.[24] Twenty days later, Defendant filed the pending second motion for summary judgment on the added claims for negligent misrepresentation, breach of contract, and action to quiet title.[25] Plaintiff moved for an extension of time to respond to Defendant's motion and to amend his complaint.[26] The request to amend was denied, and Plaintiff was given until March 30, 2012, to respond to Defendant's motion.[27] Plaintiff did not file a response by that date.

However, on April 5, 2012, Plaintiff moved to dismiss the lawsuit without prejudice while Defendant's summary judgment motion was pending on the court's docket.[28] The court denied Plaintiff's motion to dismiss and gave Plaintiff until April 20, 2012, to file a response to Defendant's pending summary judgment motion.[29]

---

[24] See Doc. 55, Pl.'s Mot. for Reconsideration; see also Doc. 51, Pl.'s Mot. for Ext. of Time. Four days after filing the motion for reconsideration, Plaintiff filed an appeal to the Fifth Circuit of the U.S. Court of Appeals. See Doc. 56, Not. of Filing of an Appeal. The Fifth Circuit dismissed the appeal on the ground that it lacked jurisdiction over the appeal. See Doc. 79, Per Curiam Dec. of 5th Cir. Ct. of Appeals.

[25] See Doc. 58, Def.'s 2nd Mot. for Summ. J.

[26] See Doc. 61, Pl.'s Mot. for Leave to File Objs. to Def.'s 2nd Mot. for Summ. J. & to Amend Compl.

[27] See Doc. 64, Or. Dated Feb. 27, 2012.

[28] See Doc. 75, Pl.'s Mot. to Dismiss; see also Doc. 76, Def.'s Mot. in Opp'n to Pl.'s Mot. to Dismiss.

[29] See Doc. 77, Or. Dated April 11, 2012.

Plaintiff did not file a response to Defendant's motion.

## II. Plaintiff's Motion for Reconsideration

Before turning to the merits of the summary judgment motion, the court addresses Plaintiff's motion for reconsideration of the court's memorandum opinion granting summary judgment in favor of Defendant on Plaintiff's fraud claim.

A motion for reconsideration is generally governed by either Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), as a motion to alter or amend a judgment, or Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), as a motion for relief. Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004). The rule applied by the court in a given case hinges on the timing of the movant's filing and service of the motion. See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665 (5th Cir. 1986). Formerly, because of the ten-day filing deadline under Rule 59(e), a motion for reconsideration served within ten days of the order or judgment was governed by Rule 59(e), whereas a motion served beyond those ten days was considered under Rule 60(b). See id.

The deadline for filing a Rule 59(e) motion, however, has increased from ten to twenty-eight days. Fed. R. Civ. P. 59(e). Therefore, in keeping with this jurisdiction's practice, a motion for reconsideration is reviewed pursuant to the more lenient Rule 59(e) standard if filed and served within twenty-eight days. See O'Fallon v. Encore Receivable Mgmt, Inc., No. 2:11-CV-36-KS-MTP,

slip op., 2011 WL 4443623 (S.D. Miss. Sept. 23, 2011) (citing <u>Shepherd</u>, 372 F.3d at n.1). If filed beyond those twenty-eight days, the motion will be reviewed under Rule 60(b). <u>See</u> <u>id.</u>

Here, Plaintiff filed a motion for an extension of time to file the pending motion within twenty-eight days of the issuance of the court's Memorandum Opinion.[30] Thus, Plaintiff's motion will be treated as referencing a Rule 59(e) motion to alter or amend a judgment.

A motion under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 863 (5th Cir. 2003) (quoting <u>Simon v. United States</u>, 891 F.2d 1154, 1159 (5th Cir. 1990)); <u>see also</u> <u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004). It is not a way by which a party may rehash old arguments or may raise arguments that could have been made prior to judgment. <u>See</u> <u>Templet</u>, 367 F.3d at 478-79; <u>Rosenzweig</u>, 332 F.3d at 863. The Fifth Circuit has cautioned courts to use this "extraordinary remedy" sparingly. <u>See</u> <u>Templet</u>, 367 F.3d at 479.

Plaintiff has failed to present any new evidence for the court's consideration or to establish a manifest error of law. Rather, Plaintiff merely summarizes some of the procedural history of this case and expresses his personal dissatisfaction with the court's ruling. The court therefore finds that Plaintiff has failed

---

[30] <u>See</u> Doc. 51, Pl.'s Mot. for Ext. of Time.

to make the showings required to warrant amendment or alteration of the judgment pursuant to Rule 59(e), and accordingly declines to reconsider its judgment. Plaintiff's motion for reconsideration is thus **DENIED**.

### III. Defendant's Motion for Summary Judgment

#### A. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th

Cir. 1992).  If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment.  Celotex Corp., 477 U.S. at 322.  In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial.  Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party."  Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002).  The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence."  Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

However, the nonmoving party must show more than "some metaphysical doubt as to the material facts."  Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir. 1995).  Conclusory allegations, unsubstantiated assertions, improbable inferences, unsupported speculation, or only a scintilla of evidence will not carry this burden.  Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002).  The court must grant summary

judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322.

**B. Analysis**

Defendant moves for summary judgment on Plaintiff's remaining claims for negligent misrepresentation, breach of contract, and an action to quiet title. Specifically, Defendant contends that (1) the statute of frauds precludes Plaintiff's breach of contract and negligent misrepresentation claims; and (2) Plaintiff has failed to produce evidence for the requisite elements of each surviving cause of action. The court considers the merits of Defendant's motion without the benefit of a response from Plaintiff, who did not file one.

**1. Breach of Contract and Negligent Misrepresentation**

In his second amended complaint, Plaintiff pleaded sufficient facts to support a claim for the breach of an oral agreement for a loan modification arising from his conversations with representatives of Defendant in 2010.[31] He similarly pleaded facts sufficient to support a claim of negligent misrepresentation based on conversations between Plaintiff and Defendant's representative in which Plaintiff claims that Defendant's representative told him

---

[31] See Doc. 49, Mem. Op. Dated Nov. 23, 2011, pp. 9-10.

11

that he would receive a loan modification if he were delinquent on his mortgage payments.[32] Defendant argues, inter alia, that the claims are precluded by the statute of frauds. Because the court finds that Defendant's argument is dispositive, it expresses no opinion on the merits of Defendant's remaining arguments in support of summary judgment.

In order to prevail on a cause of action for breach of contract, a plaintiff must first establish the existence of a valid contract. Hovorka v. Cmty. Health Sys., Inc., 262 S.W.3d 503, 508-09 (Tex. App.--El Paso 2008, no pet.). Under Texas law, the statute of frauds generally precludes the enforceablity of certain types of contracts, such as loan agreements[33] exceeding $50,000 in value, "unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b). A party's rights and obligations under loan agreements governed by § 26.02(b) are "determined solely from the written loan agreement, and any prior agreements between the parties are superseded by and merged into the loan agreement." Tex. Bus. & Com. Code § 26.02(c). The financial institution responsible for

---

[32] See Doc. 49, Mem. Op. Dated Nov. 23, 2011, pp. 8-9.

[33] "Loan agreement" is defined as:
one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation. . . .
Tex. Bus. & Com. § 26.02(a)(2).

such a loan agreement must provide conspicuous notice to the debtor of the provisions of §§ 26.02(b), 26.02(c). Tex. Bus. & Com. Code § 26.02(e).

Thus, oral modifications to a loan agreement under § 26.02 are not enforceable and are barred by the statute of frauds unless they fall within an exception to the statute of frauds or do not "materially alter the obligations imposed by the original contract." Montalvo v. Bank Of America Corp., No. SA-10-CV-360-XR, 2012 WL 1078093, at *13 (W.D. Tex. Mar. 30, 2012) (citing Horner v. Bourland, 724 F.2d 1142, 1148 (5th Cir. 1984)) (unpublished). An oral agreement to modify "the terms of the remaining balance of the loan . . . [or] the amount of monthly payments . . ." is considered a material modification of the original contract. Foster v. Mutual Sav. Ass'n, 602 S.W.2d 98, 100 (Tex. Civ. App.––Fort Worth 1980, no pet.).

Here, the alleged oral agreement for a loan modification purported to modify the terms of the original loan agreement, which was in the amount of $131,288.[34] The original loan agreement is thus subject to the statute of frauds. See Tex. Bus. & Com. Code § 26.02(b). Because the purported modification relates to the loan agreement, it too is subject to the statute of frauds. See Deuley v. Chase Home Fincance LLC, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006) ("When a modification encompasses or relates to a matter

---

[34] See Doc. 58-2, Ex. 1A to Def.'s Mot. for Summ. J., Promissory Note.

13

that must be in writing, the modification is unenforceable unless it is also in writing.") (citing Garcia v. Karam, 246 S.W.2d 255, 257 (Tex. 1955)).  A written and signed agreement memorializing the alleged oral agreement is therefore necessary in the present case to satisfy the statute of frauds.

There is no evidence presently before the court showing that the parties entered into a written and signed agreement for a loan modification.  Indeed, the only evidence of a written agreement that purports to modify the terms of the original loan agreement was the forbearance agreement—the execution of which was necessary for Plaintiff to remain eligible for loss mitigation options such as a loan modification—sent by Defendant to Plaintiff.[35]  The parties do not contest that Plaintiff declined to sign the forbearance agreement, thereby making it unenforceable.[36]  Further, Defendant has produced competent summary judgment evidence establishing that, in compliance with § 26.02(e), Plaintiff was notified and agreed that "[t]he Loan Agreements may not be varied by any oral agreements or discussions that occur before, contemporaneously with, or subsequent to the execution of the Loan Agreements."[37]  See Tex. Bus. & Com. Code § 26.02(e).  In light of this evidence, and given

---

[35] See Doc. 58-5, Ex. 1D to Def.'s Mot. for Summ. J., Forbearance Agreement; Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶¶ 11-13.

[36] See Doc. 58-1, Ex. 1 to Def.'s Mot. for Summ. J., Melissa Sobiesiak Aff., ¶ 12; Doc. 39, Pl.'s Aff., ¶ 18.

[37] Doc. 58-4, Ex. 1C to Def.'s Mot. for Summ. J., Loan Agreement Notice.

Plaintiff's failure to respond with any competent summary judgment evidence raising a question of fact as to the applicability of the statute of frauds, the court finds that Plaintiff's breach of contract claim is precluded by the statute of frauds.

Because Plaintiff's negligent misrepresentation claim centers on an alleged oral agreement for a loan modification that is precluded by the statute of frauds, the negligent misrepresentation claim is similarly precluded. See Maginn v. Norwest Mortg., Inc., 919 S.W.2d 164, 169 (Tex. App.--Austin 1996, no pet.) ("When tort claims have their nucleus in an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the tort claims as well."); see also Deuley, 2006 WL 1155230, at *2 (holding that the statute of frauds precluded the plaintiff's misrepresentation claim arising from a subsequent oral agreement that purported to modify the terms of the original mortgage promissory note by allowing the plaintiff to obtain a loan assistance plan). Accordingly, the court **GRANTS** Defendant's motion for summary judgment on the breach of contract and negligent misrepresentation causes of action.

**2. Action to Quiet Title**

Defendant moves for summary judgment on Defendant's action to quiet title on the grounds that Plaintiff cannot raise a fact issue as to superior title. A suit to quiet title requires evidence of "a claim to some interest adverse to plaintiff's title . . . that,

if enforced, would interfere with the plaintiff's enjoyment of the property." Tarrant Bank v. Miller, 833 S.W.2d 666, 667 (Tex. App.-Eastland, 1992, writ denied)(quoting Mauro v. Lavlies, 386 S.W.2d 825, 827 (Tex. Civ. App.-Beaumont 1964, no pet.), and explaining that the claim on the property does not have to be enforceable to create a cloud on the title). The plaintiff in such a suit must "rely on the strength of [his] own title, not on the weakness of the defendant's title." James v. Wells Fargo Bank, N.A., No. 3:10-CV-2228-B, 2012 WL 778510, at *2 (N.D. Tex. 2012) (citing Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.)).

In support of its motion, Defendant directs the court's attention to the Substitute Trustee's Deed documenting the foreclosure sale of the property at issue.[38] The deed of trust detailed the conditions precedent to the sale "in accordance with the terms of the Deed of Trust . . . and in accordance with the laws of the State of Texas."[39] Under Texas law, the recitals in the Substitute Deed of Trust constitute prima facie evidence that the foreclosure sale complied with the Deed of Trust. See Century Sav. v. Eastland, 21 F.3d 1107, No. 93-2401, 1994 WL 171463, at *2 (5th Cir. 1994) (citing Houston First Am. Sav. v. Musick, 650 S.W.2d 764,

---

[38] See Doc. 58-7, Ex. 1F to Def.'s Mot. for Summ. J., Substitute Trustee's Deed.

[39] Id.

767-68 (Tex. 1983));

Given this prima facie evidence, the burden thus shifted to Plaintiff to produce competent summary judgment evidence raising an issue of fact. Plaintiff's only allegations regarding title to the property at issue are found in his second amended complaint, in which he states that his "interest is title to the property and/or ownership to the property" and that his "ownership interest is a matter of public record."[40]  However, these conclusory and unsubstantiated assertions must be supported by competent summary judgment evidence in order to survive summary judgment. Brown, 337 F.3d at 541; Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002). As Plaintiff did not provide any evidence to rebut Defendant's evidence, the court **GRANTS** Defendant's motion for summary judgment on Plaintiff's action to quiet title.

### IV.  Conclusion

Based on the foregoing, the court **DENIES** Plaintiff's motion for reconsideration and **GRANTS** Defendant's motion for summary judgment.

**SIGNED** in Houston, Texas, this 24th day of May, 2012.

_____
Nancy K. Johnson
United States Magistrate Judge

---

[40] Doc. 30, Pl.'s 2nd Am. Compl., ¶ 48.